# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Vestis Retail Group, LLC, | Case No.:  16-10971 (___) |
| Debtor. [1] | |
| In re | Chapter 11 |
| Bob's Stores, LLC, | Case No.:  16-10972 (___) |
| Debtor. | |
| In re | Chapter 11 |
| Vestis Retail Financing, LLC, | Case No.:  16-10973 (___) |
| Debtor. | |
| In re | Chapter 11 |
| EMS Operating Company, LLC, | Case No.:  16-10974 (___) |
| Debtor. | |
| In re | Chapter 11 |
| Vestis IP Holdings, LLC, | Case No.:  16-10975 (___) |
| Debtor. | |
| In re | Chapter 11 |
| EMS Acquisition LLC, | Case No.:  16-10976 (___) |
| Debtor. | |

---

[1]    The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Vestis Retail Group, LLC (1295); Vestis Retail Financing, LLC (9362); EMS Operating Company, LLC (2061); Vestis IP Holdings, LLC (2459); Bob's Stores, LLC (4675); EMS Acquisition LLC (0322); Sport Chalet, LLC (0071); Sport Chalet Value Services, LLC (7320); and Sport Chalet Team Sales, LLC (8015).  The Debtors' executive headquarters are located at 160 Corporate Court, Meriden, CT 06450.

| | |
|---|---|
| In re | Chapter 11 |
| Sport Chalet, LLC, | Case No.: 16-10977 (___) |
| Debtor. | |
| In re | Chapter 11 |
| Sport Chalet Value Services, LLC, | Case No.: 16-10978 (___) |
| Debtor. | |
| In re | Chapter 11 |
| Sport Chalet Team Sales, LLC, | Case No.: 16-10979 (___) |
| Debtor. | |

**DEBTORS' MOTION FOR ENTRY OF AN
ORDER DIRECTING JOINT ADMINISTRATION OF
RELATED CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY**

Vestis Retail Group, LLC and its chapter 11 affiliates, the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Cases"), hereby move the Court (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local Rules"), authorizing and directing the joint administration of the Debtors' related chapter 11 cases for procedural purposes only.  In support of the Motion, the Debtors rely on the *Declaration of Mark T. Walsh*

*in Support of First Day Motions* (the "<u>First Day Declaration</u>")[2] concurrently filed herewith.  In further support of the Motion, the Debtors respectfully represent as follows:

## I. JURISDICTION

1.      The United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") has jurisdiction over these Cases and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of these Cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      The statutory and legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015, and Local Rule 1015-1.

## II. BACKGROUND

4.      On the date hereof (the "<u>Petition Date</u>"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.

5.      The Debtors are authorized to continue to operate their businesses and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner or statutory committee has been appointed in these Cases by the Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>").

---

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

6.      The Debtors are comprised of three regional multi-channel retailers engaged in the apparel, footwear, and sporting goods lines of business: (a) Bob's Stores, (b) Eastern Mountain Sports ("EMS"), and (c) Sport Chalet.  Prior to the Petition Date, each of the three retailers was comprised of two primary units: (a) a retail store business and (b) an e-commerce business.  Collectively, the Debtors currently operate 144 stores and 2 distributions centers across 15 states.  Bob's Stores and EMS primarily operate stores located in the Northeastern states, while Sport Chalet's stores are located in the Western states.  Bob's Stores and Sport Chalet have roots dating back to the 1950's, while EMS was founded in the 1960's.

7.      Vestis Group directly and indirectly owns the entities that operate Bob's Stores, EMS, and Sport Chalet.  The chains were acquired in three separate acquisitions: Bob's Stores in 2008, EMS in 2012, and most recently, Sport Chalet in 2014.  The Debtors currently employ over 4,000 full and part-time employees and generate over $660 million in annual consolidated revenues.  The Debtors transact business with a wide array of vendors and suppliers both nationally and internationally.

8.      As discussed at length in the First Day Declaration, prior to the Petition Date, the Debtors implemented a series of internal restructuring and synergy initiatives, designed to integrate the three chains into Vestis Group and streamline and improve operations, but various challenges remained, including from the prior ownership of EMS and Sport Chalet.  The Debtors ultimately were unable to preserve Sport Chalet as a going concern and, accordingly, shortly before the Petition Date, the Debtors commenced going out of business sales (the "Store Closing Sales") of the Sport Chalet stores (along with a limited number of EMS stores and one Bob's Stores location) (collectively, the "Closing Stores").

9.    The purpose of these Cases is to facilitate the continuation, and completion, of the operating initiatives the Debtors have undertaken and that are underway at Bob's Stores and EMS, while allowing the Debtors to address external factors that have negatively contributed to the Debtors' recent financial performance.  The Cases also will enable the Debtors to continue the Store Closing Sales on an expedited and orderly basis.

10.    The Debtors embark upon these Cases with optimism for a swift and certain resolution of the issues they now face, despite the challenging retail environment.  The Bob's Stores and EMS brands enjoy competitive market positions.  The Debtors are confident that this restructuring effort will allow these core brands to emerge as part of a stable and strong enterprise, positioning the Debtors to take advantage of the many opportunities in the markets in which they will continue to operate.  The chapter 11 process also will allow the Debtors to maximize value from their non-core businesses, primarily through the Store Closing Sales and the sale of the remaining related assets.

11.    Toward that end, the Debtors have entered into that certain *Ratification and Amendment Agreement* with Wells Fargo Capital Finance, LLC, as administrative agent (the "DIP Agent"), and the lenders party thereto, pursuant to which, subject to Court approval, the Debtors will receive a senior secured debtor-in-possession revolver (the "DIP Facility") that should provide them with sufficient runway to navigate through the chapter 11 process.  The relief sought in this Motion is intended to preserve value and facilitate the Debtors' operations through this process.

12.    More detailed factual background regarding the Debtors and the commencement of these Cases is set forth in the First Day Declaration.

## III.  RELIEF REQUESTED

13.     By this Motion, the Debtors seek entry of an order directing the joint administration of their Cases and the consolidation thereof for procedural purposes only.  The Debtors also request that the caption of their Cases be modified to reflect their joint administration as follows:

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| VESTIS RETAIL GROUP, LLC, *et al.*,[1] | Case No.:  16-10971 (___) |
| Debtors. | (Jointly Administered) |

[1]   The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Vestis Retail Group, LLC (1295); Vestis Retail Financing, LLC (9362); EMS Operating Company, LLC (2061); Vestis IP Holdings, LLC (2459); Bob's Stores, LLC (4675); EMS Acquisition LLC (0322); Sport Chalet, LLC (0071); Sport Chalet Value Services, LLC (7320); and Sport Chalet Team Sales, LLC (8015).  The Debtors' executive headquarters are located at 160 Corporate Court, Meriden, CT 06450.

14.     In addition, the Debtors request that the Court establish a joint docket and file for these Cases, and direct the clerk of the Court (the "Clerk") to make a notation substantially similar to the following on the docket of each Debtor (other than Vestis Retail Group, LLC):

> An order has been entered in this case directing the joint administration of the chapter 11 cases of Vestis Retail Group, LLC, Vestis Retail Financing, LLC, EMS Operating Company, LLC, Vestis IP Holdings, LLC, Bob's Stores, LLC, EMS Acquisition LLC, Sport Chalet, LLC, Sport Chalet Value Services, LLC, and Sport Chalet Team Sales, LLC, and all subsequently filed chapter 11 cases of such debtors' affiliates.  The docket in the chapter 11 case of Vestis Retail Group, LLC, Case No. 16-10971 (___) should be consulted for all matters affecting this case.

15.     Finally, the Debtors request that the Court permit use of a combined service list and combined notices.

## IV.  BASIS FOR RELIEF

16.     Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, joint administration is permissible.  *See* Fed. R. Bankr. P. 1015(b).  Additionally, Local Rule 1015-1 permits entry of such an order without notice or the opportunity for a hearing if the Debtors demonstrate that such treatment is warranted.

17.     Bankruptcy Rule 1015 promotes the efficient and economical administration of affiliated debtors' related cases, while also ensuring that individual creditors' rights are not unduly prejudiced.  *See In re Brookhollow Assocs.*, 435 F. Supp. 763, 766 (D. Mass. 1977) (stating that joint administration "help[s] the bankruptcy court to administer economically and efficiently different estates with substantial interests in common"), *aff'd*, 575 F.2d 1003 (1st Cir. 1978); *In re Parkway Calabasas, Ltd.*, 89 B.R. 832, 836 (Bankr. C.D. Cal. 1988) ("The purpose of joint administration is to make case administration easier and less expensive than in separate cases, without affecting the substantive rights of creditors …").  As stated in the Official Committee Note to Bankruptcy Rule 1015, joint administration expedites cases and reduces their overall cost:

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

Fed. R. Bankr. P. 1015 (Committee Note ¶ 4).

18.     Joint administration is warranted in these Cases because (i) the Debtors' financial affairs and business operations are closely related, and (ii) joint administration will ease the administrative burden on the Court and other parties.

19.     Debtor Vestis Retail Group, LLC is owned by Debtor Vestis Retail Financing, LLC, and in turn is the sole member and owner of Debtors EMS Operating Company, LLC, Vestis IP Holdings, LLC, Bob's Stores, LLC, EMS Acquisition LLC, and Sport Chalet, LLC. Sport Chalet, LLC is the sole member and owner of Sport Chalet Value Services, LLC and Sport Chalet Team Sales, LLC.  All of the Debtors are under common management.  The Debtors share many creditors and parties-in-interest.  As a result, joint administration will prevent duplicative efforts and unnecessary expenses, without any risk of prejudice to creditors, because the relief sought herein does not seek to consolidate the Debtors for substantive purposes.

20.     With nine affiliated debtors, each with its own case docket, administering these Cases separately would result in duplicative pleadings, notices, and orders filed and served upon separate service lists.  This unnecessary duplication would be costly for the estates and would not create any counterbalancing benefit for creditors.

21.     Separate administration would also tax the estates' administration, diverting valuable resources away from substantive issues.  In contrast, joint administration will permit the Clerk to use a single general docket for each of the Cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates, eliminating the confusion and waste that would be caused by separate administration.

22.     Finally, maintaining separate cases may confuse creditors.  By jointly administering the estates, creditors and other parties in interest will receive notice of all matters involving all of the entities that are required to be served on such parties (respectively), thereby ensuring that creditors and other parties in interest are fully informed of all matters potentially affecting their claims.  Further, using a simplified caption page for all pleadings will eliminate cumbersome pleadings and ensure a uniformity of pleading identification.

23.     The Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be in the form set forth above.  The Debtors submit that use of the simplified caption will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

24.     The relief requested herein is purely procedural and is not intended to and does not effectuate substantive consolidation of the Debtors' estates.  Thus, there will be no material prejudice to creditors or other parties in interest if these estates are jointly administered.  Indeed, the interests of all creditors will be served by the reduction in costs and administrative burdens resulting from joint administration.

## V. NOTICE

25.     The Debtors will provide notice of this Motion to: (i) the U.S. Trustee; (ii) holders of the forty (40) largest unsecured claims on a consolidated basis against the Debtors; (iii) the DIP Agent; (iv) the Pre-Petition Term Agent; (v) the Third Lien Agent; and (vi) all parties who, as of the filing of this Motion, have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## VI.  CONCLUSION

WHEREFORE, for the reasons set forth herein and in the First Day Declaration, the

Debtors respectfully request that this Court enter an order, substantially in the form attached

hereto, granting the relief requested in the Motion and such other and further relief as is just and

proper.

Dated:  April 18, 2016
        Wilmington, Delaware

*/s/ Robert F. Poppiti, Jr.*

Robert S. Brady, Esq. (DE Bar No. 2847)
Robert F. Poppiti, Jr., Esq. (DE Bar No. 5052)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:    (302) 571-6600
Fax:    (302) 571-1253
Email: rbrady@ycst.com
       rpoppiti@ycst.com

and

Michael L. Tuchin, Esq.
Lee R. Bogdanoff, Esq
Martin N. Kostov, Esq.
Kathryn T. Zwicker, Esq.
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Tel:    (310) 407-4031
Fax:    (310) 407-9090
Email: mtuchin@ktbslaw.com
       lbogdanoff@ktbslaw.com
       mkostov@ktbslaw.com
       kzwicker@ktbslaw.com

*Proposed Counsel to the Debtors*

# Exhibit A

**Proposed Order**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Vestis Retail Group, LLC, | Case No.:  16-10971 (___) |
| Debtor. [1] | |
| In re | Chapter 11 |
| Bob's Stores, LLC, | Case No.:  16-10972_ (___) |
| Debtor. | |
| In re | Chapter 11 |
| Vestis Retail Financing, LLC, | Case No.:  16-10973 (___) |
| Debtor. | |
| In re | Chapter 11 |
| EMS Operating Company, LLC, | Case No.:  16-10974 (___) |
| Debtor. | |
| In re | Chapter 11 |
| Vestis IP Holdings, LLC, | Case No.:  16-10975 (___) |
| Debtor. | |
| In re | Chapter 11 |
| EMS Acquisition LLC, | Case No.:  16-10976 (___) |
| Debtor. | |

---

[1]    The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Vestis Retail Group, LLC (1295); Vestis Retail Financing, LLC (9362); EMS Operating Company, LLC (2061); Vestis IP Holdings, LLC (2459); Bob's Stores, LLC (4675); EMS Acquisition LLC (0322); Sport Chalet, LLC (0071); Sport Chalet Value Services, LLC (7320); and Sport Chalet Team Sales, LLC (8015).  The Debtors' executive headquarters are located at 160 Corporate Court, Meriden, CT 06450.

| | |
|---|---|
| In re | Chapter 11 |
| Sport Chalet, LLC, | Case No.:  16-10977 (___) |
| Debtor. | |
| In re | Chapter 11 |
| Sport Chalet Value Services, LLC, | Case No.:  16-10978 (___) |
| Debtor. | |
| In re | Chapter 11 |
| Sport Chalet Team Sales, LLC, | Case No.:  16-10979 (___) |
| Debtor. | **Re: Docket No. __** |

## ORDER DIRECTING JOINT ADMINISTRATION OF
## <u>RELATED CHAPTER 11 CASES FOR  PROCEDURAL PURPOSES ONLY</u>

Upon the motion (the "<u>Motion</u>")[2] of Vestis Retail Group, LLC and its chapter 11

affiliates, the debtors and debtors in possession (the "<u>Debtors</u>") in the above-captioned jointly

administered chapter 11 cases (the "<u>Cases</u>"), for entry of an order, pursuant to Rule 1015(b) of

the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 1015-1 of the

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware, authorizing and directing the joint administration of the Debtors' related

chapter 11 cases for procedural purposes only; and upon consideration of the First Day

Declaration and the record of these chapter 11 cases; and it appearing that the Court has

jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended*

*Standing Order of Reference* from the United States District Court for the District of Delaware

dated February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C.

---

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

§ 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED, as set forth herein.

2.      The above-captioned Cases are hereby consolidated for procedural purposes only and shall be jointly administered by this Court.  Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the above-captioned cases.

3.      The caption of the jointly administered Cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| VESTIS RETAIL GROUP, LLC, *et al.*,[1] | Case No.:  16-10971 (___) |
| Debtors. | (Jointly Administered) |

[1]    The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Vestis Retail Group, LLC (1295); Vestis Retail Financing, LLC (9362); EMS Operating Company, LLC (2061); Vestis IP Holdings, LLC (2459); Bob's Stores, LLC (4675); EMS Acquisition LLC (0322); Sport Chalet, LLC (0071); Sport Chalet Value Services, LLC (7320); and Sport Chalet Team Sales, LLC (8015).  The Debtors' executive headquarters are located at 160 Corporate Court, Meriden, CT 06450.

4.      The foregoing caption shall satisfy the requirements of section 342(c)(1) of the

Bankruptcy Code.

5.      All original pleadings shall be captioned as set forth immediately above, and all

original docket entries shall be made in the case of Vestis Retail Group, LLC, Case No. 16-

10971 (___).

6.      The Clerk shall make a notation substantially similar to the following on the

docket of each Debtor (other than Vestis Retail Group, LLC):

> An order has been entered in this case directing the joint
> administration of the chapter 11 cases of Vestis Retail Group,
> LLC, Vestis Retail Financing, LLC, EMS Operating Company,
> LLC, Vestis IP Holdings, LLC, Bob's Stores, LLC, EMS
> Acquisition LLC, Sport Chalet, LLC, Sport Chalet Value Services,
> LLC, and Sport Chalet Team Sales, LLC, and all subsequently
> filed chapter 11 cases of such debtors' affiliates.  The docket in the
> chapter 11 case of Vestis Retail Group, LLC, Case No. 16-10971
> (___) should be consulted for all matters affecting this case.

7.      The Clerk shall maintain a single pleadings docket and file under the case number

assigned to Vestis Retail Group, LLC, which shall be the pleadings docket and file for all of

these Cases.

8.      This Order shall be without prejudice to the rights of the Debtors to seek entry of

an order substantively consolidating their respective cases.

9.      The Court retains jurisdiction with respect to all matters arising from or related to

the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
        April _____, 2016

_____
United States Bankruptcy Judge