**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>VESTIS RETAIL GROUP, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 16-10971 (LSS)<br><br>(Jointly Administered)<br><br>Hearing Date: May 16, 2016 at 2:30 p.m. (ET)<br>Objection Deadline: May 9, 2016 at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE DEBTORS TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS**

Vestis Retail Group, LLC ("Vestis Group") and its chapter 11 affiliates, the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Cases"), hereby move the Court (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a), 327, 328, 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District Court of Delaware (the "Local Rules") (i) authorizing the Debtors to retain and employ the Ordinary Course Professionals (as hereinafter defined), on an "as needed" basis without the submission of separate, formal retention applications for each Ordinary Course Professional, (ii) authorizing the Debtors to establish procedures to compensate the Ordinary Course Professionals for postpetition services rendered and expenses incurred, and

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Vestis Retail Group, LLC (1295); Vestis Retail Financing, LLC (9362); EMS Operating Company, LLC (2061); Vestis IP Holdings, LLC (2459); Bob's Stores, LLC (4675); EMS Acquisition LLC (0322); Sport Chalet, LLC (0071); Sport Chalet Value Services, LLC (7320); and Sport Chalet Team Sales, LLC (8015). The Debtors' executive headquarters are located at 160 Corporate Court, Meriden, CT 06450.

159712.3

(iii) granting related relief. In support of the Motion, the Debtors rely on the *Declaration of Mark T. Walsh in Support of First Day Motions* (the "First Day Declaration"),[2] which is fully incorporated herein by reference. In further support of the Motion, the Debtors respectfully represent as follows:

## I.  JURISDICTION

1.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these Cases and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these Cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.  The statutory and legal predicates for the relief requested herein are sections 105(a), 327, 328, 330, and 331 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1.

## II.  BACKGROUND

4.  On April 18, 2016 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

5.      The Debtors are authorized to continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee has been appointed in these Cases by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee").

6.      The Debtors are comprised of three regional multi-channel retailers engaged in the apparel, footwear, and sporting goods lines of business: (a) Bob's Stores, (b) Eastern Mountain Sports ("EMS"), and (c) Sport Chalet.  Prior to the Petition Date, each of the three retailers was comprised of two primary units: (a) a retail store business and (b) an e-commerce business.  Collectively, the Debtors currently operate 144 stores and 2 distributions centers across 15 states.  Bob's Stores and EMS primarily operate stores located in the Northeastern states, while Sport Chalet's stores are located in the Western states.

7.      The detailed factual background relating to the Debtors and the commencement of these Cases is set forth in the First Day Declaration.

### III.  RELIEF REQUESTED

8.      By this Motion, the Debtors request that the Court enter the Proposed Order authorizing the Debtors to (i) retain and employ the Ordinary Course Professionals (as hereinafter defined), effective as of the Petition Date,[3] on an "as needed" basis without the submission of separate, formal retention applications for each Ordinary Course Professional, and (ii) establish procedures to compensate the Ordinary Course Professionals for postpetition services rendered and expenses incurred and granting related relief.

---

[3] The Debtors also seek an order authorizing the Debtors to retain and employ Ordinary Course Professionals hired after the Petition Date, as of the date that each applicable Ordinary Course Professional commences providing services to the Debtors.

9. The Debtors customarily retain the services of various attorneys, consultants, and other professionals to represent them in matters arising in the ordinary course of their business, unrelated to these Cases (the "Ordinary Course Professionals"). Lists of the Ordinary Course Professionals expected to be utilized by the Debtors during the pendency of these Cases are attached to the Proposed Order as **Exhibit 1** and **Exhibit 2** (together, the "OCP List"). The Debtors anticipate utilizing the Ordinary Course Professionals to perform ongoing services related to the Debtors' operations during the pendency of these Cases. The Ordinary Course Professionals will not be involved in the administration of these Cases.

10. In contrast, the Debtors have filed, or will file, individual retention applications for any professionals that the Debtors seek to employ in connection with the administration of these Cases (the "Chapter 11 Professionals"). The Chapter 11 Professionals will be permitted to be compensated and reimbursed only in accordance with procedures to be separately approved by this Court in respect of those retention applications.

## IV. PROPOSED RETENTION PROCEDURE

11. The Debtors propose to continue to employ and retain the Ordinary Course Professionals. In order to provide the interested parties and this Court with appropriate comfort and assurances, each Ordinary Course Professional will be required to file with this Court, and to serve upon: (a) proposed counsel to the Debtors, (i) Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067, Attn: Michael L. Tuchin, Esq. and Lee R. Bogdanoff, Esq. and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Robert S. Brady, Esq. and Robert F. Poppiti, Jr., Esq.; (b) counsel to the DIP Agent, Otterbourg P.C., 230 Park Avenue, New York, New York 10169, Attn: Daniel F. Fiorillo, Esq.; (c) counsel to the Pre-Petition Term Agent, Greenberg Traurig, LLP, One International Place, Boston, Massachusetts 02110, Attn: Jeffrey

M. Wolf, Esq.; (d) counsel to the Third Lien Agent, (i) Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004, Attn: Michael H. Torkin, Esq. and (ii) Klehr Harrison Harvey Branzburg LLP, 1835 Market Street, Suite 1400, Philadelphia, PA 19103, Attn: Morton R. Branzburg, Esq.; (e) counsel to any statutory committee appointed in these Cases; and (f) the U.S. Trustee, J. Caleb Boggs Building, 844 King Street, Room 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Jane M. Leamy, Esq. and Timothy Fox, Esq. (collectively, the "Notice Parties") a declaration of disinterestedness (the "Declaration"), substantially in the form attached to the Proposed Order as **Exhibit 3**, at least ten (10) days prior to submitting an invoice to the Debtors.  The Debtors will not make any payments to any Ordinary Course Professionals who have failed to file such a Declaration.

12. The Debtors further request that the Notice Parties have ten (10) days from the date of the filing and service of the Declaration (the "Objection Period") to object to the retention of an Ordinary Course Professional.  Any such objection must be timely filed with this Court and served upon the Ordinary Course Professional and the Notice Parties.  If an objection is filed and cannot be resolved and/or withdrawn within twenty (20) days after service of such objection, this Court shall adjudicate the matter at a hearing scheduled by the Debtors at a mutually convenient time.  If, after a hearing, the retention of an Ordinary Course Professional is not approved, such professional may still apply to this Court for compensation for all work performed on behalf of the Debtors from the Petition Date through the date of an order denying such retention.  If no timely objection is filed and received, or if all objections are withdrawn, resolved or overruled by the Court, the Debtors will be authorized to retain the Ordinary Course Professional on a final basis without further order of this Court.

13. The Debtors request that they be authorized to employ and retain additional Ordinary Course Professionals not currently listed on the OCP List, from time to time as necessary, without the need to file individual retention applications or have a further hearing, by filing with this Court one or more supplements to the OCP List (a "Supplemental Notice") and serving a copy of the Supplemental Notice upon the Notice Parties. The Debtors propose that, as with the Ordinary Course Professionals set forth on the OCP List, each additional Ordinary Course Professional be required to file and serve upon the Court and the Notice Parties a Declaration, after which the Notice Parties would have ten (10) days to object to the retention of such professional. Any objection will be handled pursuant to the procedures discussed above. If no objection is submitted, or all objections are withdrawn, resolved or overruled by the Court, the Debtors will be authorized to retain the professional as an Ordinary Course Professional on a final basis without further order of this Court.

## V. PROPOSED PAYMENT PROCEDURE

14. The Debtors seek authority to pay, without formal application to this Court by any Ordinary Course Professional, one-hundred percent (100%) of the fees and expenses of each Ordinary Course Professional upon submission to, and approval by, the Debtors of an appropriate billing statement setting forth in reasonable detail the nature of the postpetition services rendered and expenses actually incurred; *provided, however*, that such fees and expenses do not exceed the caps established herein. The Debtors will not pay any fees or expenses to an Ordinary Course Professional unless (i) the professional has filed its Declaration, (ii) the Objection Period has expired, and (iii) no timely objection is received. If a timely objection is received, no payment will be made until such objection is resolved, withdrawn, or overruled by the Court.

15. The Debtors propose that they be permitted to pay, without formal application to this Court by any Ordinary Course Professional, fees and expenses not exceeding (i) as to Ordinary Course Professionals listed on **Exhibit 1** to the Proposed Order, $25,000 per month, on average, over the prior rolling three-month period, for postpetition compensation and reimbursement of postpetition expenses; and (ii) as to Ordinary Course Professionals listed on **Exhibit 2** to the Proposed Order, $40,000 per month, on average, over the prior rolling three-month period, for postpetition compensation and reimbursement of expenses (each, an "OCP Cap" and together, the "OCP Caps").[4]

16. In the event that an Ordinary Course Professional exceeds the OCP Cap, such Ordinary Course Professional shall be required to file with the Court a fee application for the amount of its fees and expenses in excess of the OCP Cap in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court.

17. The Debtors propose to except from such monthly limitations any contingent fee amounts received by Ordinary Course Professionals from recoveries realized on the Debtors' behalf. In other words, the limitations would apply only to direct disbursements by the Debtors.

18. Prior to the commencement of these Cases, the Debtors, as a matter of course, carefully reviewed all billing statements received from the Ordinary Course Professionals to ensure that the fees charged were reasonable and that the expenses incurred were necessary. This type of review will continue postpetition and, coupled with the proposed OCP Caps, will protect the Debtors' estates against excessive and improper billings.

---

[4] The Debtors reserve their rights to seek to increase the OCP Caps.

19. The Debtors further propose to file a payment summary statement with this Court not more than thirty (30) days after the last day of July, November, and March of each year these Cases are pending, or such other period as this Court directs, and to serve such statement on the Notice Parties. The summary statement will include the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the monthly amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (c) a brief statement of the type of services rendered.

## VI.  BASIS FOR RELIEF

20. The Ordinary Course Professionals are not "professionals" as that term is used in section 327 of the Bankruptcy Code, whose retention must be approved by this Court. *See, e.g.*, *In re Napoleon*, 233 B.R. 910, 913 (Bankr. D. N.J. 1999) ("In order to be considered a 'professional person' within the meaning of § 327, it is not enough that the party be a professional by education or training. Instead he or she must also play an integral role in the administration of the bankruptcy case."); *Elstead v. Nolden (In re That's Entm't Mkt'g Grp., Inc.)*, 168 B.R. 226, 230 (N.D. Cal. 1994) (only the retention of professionals whose duties are central to the administration of the estate require prior court approval under section 327 of the Bankruptcy Code); *In re Madison Mgmt. Grp., Inc.*, 137 B.R. 275, 283 (Bankr. N.D. Ill. 1992) (same); *In re Sieling Assocs. Ltd. P'ship*, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (same); *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 619-21 (Bankr. S.D.N.Y. 1986) (stating that only those professionals involved in the actual reorganization effort, rather than debtor's ongoing business, require approval under section 327 of the Bankruptcy Code). Nevertheless, out of an abundance of caution, the Debtors

seek an order authorizing the retention and payment of all Ordinary Course Professionals during the pendency of these Cases.

21. The Debtors cannot continue to operate their business as debtors in possession unless they retain and pay for the services of the Ordinary Course Professionals. The Debtors rely on the assistance of the Ordinary Course Professionals for essential services that are non-bankruptcy related and wish to continue to employ the Ordinary Course Professionals to render services similar to those that the Debtors required prior to the commencement of these Cases. However, due to the relatively modest amount of fees and expenses that the Ordinary Course Professionals bill to the Debtors, it would be inefficient and burdensome to request that each Ordinary Course Professional prepare employment applications and monthly and periodic fee applications.

22. The operation of the Debtors' business could be hindered if the Ordinary Course Professionals were delayed in performing their work on behalf of the Debtors while the Debtors (i) submitted to this Court an application, declaration, and proposed retention order for each Ordinary Course Professional, (ii) waited until such order was approved before such Ordinary Course Professional continued to render services and (iii) withheld payment of the normal fees and expenses of the Ordinary Course Professionals until they complied with the compensation procedures applicable to Chapter 11 Professionals.

23. In addition, certain Ordinary Course Professionals may be unfamiliar with the fee application procedures employed in bankruptcy cases. Some Ordinary Course Professionals might be unwilling or unable to assume the administrative and cost burden of such procedures, and may therefore be unwilling to work with the Debtors if these requirements are imposed,

forcing the Debtors to incur additional and unnecessary expenses to retain other professionals without such background and expertise, and at potentially higher rates.

24.    Requiring each Ordinary Course Professional to file retention pleadings and follow the typical fee application process required of the Chapter 11 Professionals would unnecessarily burden this Court and the U.S. Trustee with unnecessary employment and fee applications while significantly adding to the administrative costs of these Cases without any corresponding benefit to the Debtors' estates.  This Motion proposes a procedure to alleviate that burden.

25.    Although certain Ordinary Course Professionals may hold unsecured claims against the Debtors in respect of prepetition services rendered, the Debtors do not believe that any of the Ordinary Course Professionals hold any interest adverse to the Debtors or to the estates with respect to the matters on which the Ordinary Course Professionals are to be employed.  By this Motion, the Debtors are not requesting authority to pay prepetition amounts owed to Ordinary Course Professionals.

26.    Courts in this district routinely grant the same or similar relief to debtors in other chapter 11 cases.  *See, e.g.*, *In re The Wet Seal, Inc.*, Case No. 15-10081 (CSS) (Bankr. D. Del. Feb. 18, 2015) (Docket No. 325).

### VII.  NOTICE

27.    The Debtors will provide notice of this Motion to: (i) the U.S. Trustee; (ii) holders of the forty (40) largest unsecured claims on a consolidated basis against the Debtors; (iii) the DIP Agent; (iv) the Pre-Petition Term Agent; (v) the Third Lien Agent; (vi) the Ordinary Course Professionals; and (vii) all parties who, as of the filing of this Motion, have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the

nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## VIII. CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto, granting the relief requested in the Motion and such other and further relief as is just and proper.

Dated: April 25, 2016
      Wilmington, Delaware

/s/ Robert F. Poppiti, Jr.
Robert S. Brady, Esq. (DE Bar No. 2847)
Robert F. Poppiti, Jr., Esq. (DE Bar No. 5052)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:   (302) 571-6600
Fax:   (302) 571-1253
Email: rbrady@ycst.com
       rpoppiti@ycst.com

and

Michael L. Tuchin, Esq.
Lee R. Bogdanoff, Esq.
Martin N. Kostov, Esq.
Kathryn T. Zwicker, Esq.
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067
Tel:   (310) 407-4031
Fax:   (310) 407-9090
Email: mtuchin@ktbslaw.com
       lbogdanoff@ktbslaw.com
       mkostov@ktbslaw.com
       kzwicker@ktbslaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*