**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>VESTIS RETAIL GROUP, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 16-10971 (LSS)<br><br>(Jointly Administered)<br><br>Re: Docket Nos. 5, 48 & 272 |

**FINAL ORDER (I) APPROVING THE DEBTORS'**
**PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR**
**FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY COMPANIES FROM**
**ALTERING, REFUSING, OR DISCONTINUING SERVICES, (III) APPROVING**
**THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE**
**ASSURANCE REQUESTS, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Vestis Retail Group, LLC and its chapter 11 affiliates, the debtors and debtors in possession (the "Debtors") in the above-captioned jointly administered chapter 11 cases (the "Cases"), for entry of interim and final orders (this "Final Order"), pursuant to sections 105(a) and 366 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) approving the Proposed Adequate Assurance of payment for future utility services, (ii) prohibiting Utility Companies from altering, refusing, or discontinuing services, (iii) approving the Debtors' proposed procedures for resolving Adequate Assurance Requests,

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Vestis Retail Group, LLC (1295); Vestis Retail Financing, LLC (9362); EMS Operating Company, LLC (2061); Vestis IP Holdings, LLC (2459); Bob's Stores, LLC (4675); EMS Acquisition LLC (0322); Sport Chalet, LLC (0071); Sport Chalet Value Services, LLC (7320); and Sport Chalet Team Sales, LLC (8015). The Debtors' executive headquarters are located at 160 Corporate Court, Meriden, CT 06450.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

01:18660492.2

153628.1

and (iv) granting related relief; and upon consideration of the First Day Declaration and the entire record of these Cases; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED on a final basis as set forth herein.

2. This Final Order shall not apply to: (a) Arizona Public Service Company; (b) Connecticut Light and Power Company; (c) Consolidated Edison Company of New York; (d) NStar Electric & Gas Corporation; (e) PECO Energy Company; (f) Public Service Company of New Hampshire; (g) Salt River Project; (h) San Diego Gas & Electric Company; (i) Southern California Edison Company; (j) Western Massachusetts Electric Company; (k) Yankee Gas Services Company; (l) Boston Gas Company; (m) Brooklyn Union Gas Company d/b/a National Grid NY; (n) Colonial Gas Company; (o) KeySpan Gas East Corporation; (p) Massachusetts

Electric Company; (q) Narragansett Electric Company; (r) Niagara Mohawk Power Corporation; and (s) Jersey Central Power & Light Company.

3. The Debtors shall serve a copy of the Motion and this Final Order on each Utility Company listed on the Utility Services List no later than two business days after the date this Final Order is entered.

4. The Debtors are authorized to pay on a timely basis and in accordance with their prepetition practices all undisputed invoices for postpetition Utility Services provided by the Utility Companies to the Debtors.

5. To the extent not already deposited, the Debtors shall cause the Adequate Assurance Deposit to be deposited into a segregated account and held during the pendency of these Cases. Upon the effective date of a chapter 11 plan in these Cases, the Debtors may close the Adequate Assurance Deposit account without the need for any notice to, or action, order, or approval of, this Court.

6. The Adequate Assurance Deposit shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

7. The following adequate assurance procedures (the "Adequate Assurance Procedures") are hereby approved:

    a) Any Utility Company that objects to the Proposed Adequate Assurance must serve an Adequate Assurance Request on: (i) the Debtors, 160 Corporate Court, Meriden, CT 06450, Attn: Mark T. Walsh, Chief Executive Officer; (ii) proposed counsel for the Debtors, (x) Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, Thirty-Ninth Floor, Los Angeles, CA 90067, Attn: Michael L. Tuchin, Esq. and Lee R. Bogdanoff, Esq. and (y) Young

Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Robert S. Brady, Esq. and Robert F. Poppiti, Jr., Esq.; and (iii) counsel to any statutory committee appointed in these Cases (collectively, the "Notice Parties").

b) Any Adequate Assurance Request must be served on the Notice Parties and must: (i) be made in writing; (ii) identify the location for which Utility Services are provided; and (iii) explain why the Utility Company believes the Adequate Assurance Deposit is not sufficient adequate assurance of future payment.

c) The Debtors are authorized to resolve, in their sole discretion, any Adequate Assurance Request by mutual agreement with a Utility Company and without further order of the Court and, in connection with any such agreement, in their sole discretion, provide a Utility Company with alternative adequate assurance of payment, including cash deposits, prepayments, or other forms of security, without further order of the Court, if the Debtors believe such alternative assurance is reasonable. Without the need for any notice to, or action, order, or approval of, the Court, the Debtors may reduce the amount of the Adequate Assurance Deposit by any amount allocated to a particular Utility Company to the extent consistent with any alternative adequate assurance arrangements mutually agreed to by the Debtors and the affected Utility Company.

d) If the Debtors are unable to consensually resolve an Adequate Assurance Request by mutual agreement within 30 days of receipt of the Adequate Assurance Request, the Debtors will seek a hearing with the Court (the "Determination Hearing") to determine the appropriate amount of adequate

assurance required with respect to such Adequate Assurance Request. Pending resolution of such Adequate Assurance Request at the Determination Hearing, the Utility Company shall be prohibited from altering, refusing, or discontinuing services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Adequate Assurance Deposit.

8. The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

9. The Debtors are authorized, in their sole discretion, to add or remove any Utility Company from the Utility Services List, and the Debtors shall add to or subtract from the Adequate Assurance Deposit an amount equal to two weeks of the Debtors' average cost of utility service for each subsequently-added or removed Utility Company as soon as practicable; provided, that for any Utility Company that is removed from the Utility Services List, the Debtors will have paid such Utility Company in full for any outstanding postpetition Utility Services amounts before reducing the Adequate Assurance Deposit. For Utility Companies that are added to the Utility Services List, the Debtors shall serve a copy of this Final Order, including the Adequate Assurance Procedures, on such subsequently added Utility Company within three business days of being added. Any Utility Company subsequently added to the Utility Services List shall be bound by the Adequate Assurance Procedures, provided that any subsequently added Utility Company must serve, on the Notice Parties, any Adequate Assurance Request.

10. The relief granted herein is for all Utility Companies providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Services List, provided however, that this Final Order shall be binding on any Utility Companies listed on any

amended Utility Services List filed with the Court as of the date of service of the notice of the amended Utility Services List.

11. Nothing contained in the Motion or the Interim Order or this Final Order, nor the Debtors' service of the Motion upon the Utility Services List shall constitute an admission or concession that each such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

12. Notwithstanding anything to the contrary, none of (a) Direct Energy, (b) Direct Energy Business Marketing, LLC, and/or (c) Direct Energy Business, LLC (collectively, "Direct Energy") shall be considered a Utility Company for purposes of this Final Order or the relief granted herein, and Direct Energy is hereby stricken from the Utility Services List. Direct Energy shall provide counsel for the Debtors with no less than forty-five (45) calendar days' prior written notice before terminating any commodities contract, forward contract, swap agreement, master netting agreement and/or other agreement with one or more of the Debtors pursuant to which Direct Energy provides electricity and/or natural gas to one or more of the Debtors; provided, that the Debtors are authorized to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices for electricity or natural gas provided by Direct Energy after the Petition Date and Direct Energy shall be entitled to an administrative claim for any post-petition amounts accruing thereunder; provided further, that Direct Energy shall have an immediate right to terminate any commodities contract, forward contract, swap agreement, master netting agreement and/or other agreement with one or more of the Debtors pursuant to which Direct Energy provides electricity and/or natural gas to one or more of the Debtors, without further relief from this Court, in the event that the Debtors fail to (i) pay any post-petition amounts and (ii), upon written notice to the Debtors, cure any deficiency with

respect to undisputed post-petition amounts within ten (10) calendar days of receipt of such notice. Except as otherwise provided for herein, nothing in this Final Order is intended or shall be deemed to affect (i) the terms of any agreement between the Debtors and Direct Energy or (ii) the rights of the Debtors and their estates, Direct Energy, or other party in interest under the Bankruptcy Code.

13. Nothing in this Final Order, nor as a result of any payment or deposit made pursuant to this Final Order, (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates, (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates, or (c) shall be construed as a promise to pay a claim.

14. Bankruptcy Rule 6003(b) has been satisfied to the extent applicable.

15. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Final Order shall be effective immediately and enforceable upon its entry; (b) the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Final Order; and (c) the Debtors are authorized and empowered, and may in their discretion and without further delay, take any action necessary or appropriate to implement this Final Order.

16. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: Wilmington, Delaware
       May 16, 2016

/s/ Laurie Selber Silverstein
Laurie Selber Silverstein
United States Bankruptcy Judge