## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| VRG Liquidating, LLC, *et al.*,[1] | Case No.:  16-10971 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Dkt. Nos. 2027, 2028, 2074 & 2137** |

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING FIRST AMENDED JOINT PLAN OF LIQUIDATION OF VRG LIQUIDATING, LLC AND ITS CHAPTER 11 AFFILIATES AND <u>THEIR OFFICIAL COMMITTEE OF UNSECURED CREDITORS</u>

Upon consideration of the *First Amended Joint Plan of Liquidation of VRG Liquidating, LLC and Its Chapter 11 Affiliates and Their Official Committee of Unsecured Creditors* (annexed hereto as <u>**Exhibit A**</u>, and as amended, supplemented or modified from time to time pursuant to the terms thereof, the "<u>Plan</u>") jointly proposed by VRG Liquidating, LLC (f/k/a Vestis Retail Group, LLC) and its jointly-administered chapter 11 affiliates, the debtors and debtors in possession (the "<u>Debtors</u>"), and the Official Committee of Unsecured Creditors (the "<u>Committee</u>" and, together with the Debtors, the "<u>Plan Proponents</u>") in the above-captioned jointly-administered chapter 11 cases (the "<u>Cases</u>"); and the Plan Proponents having filed the *Disclosure Statement for the First Amended Joint Plan of Liquidation of VRG Liquidating, LLC and Its Chapter 11 Affiliates and Their Official Committee of Unsecured Creditors*, attached as Exhibit 5 to the Disclosure Statement Order (the "<u>Disclosure Statement</u>"); and this Bankruptcy Court having approved the Disclosure Statement as containing adequate information by order

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: VRG Liquidating, LLC (f/k/a Vestis Retail Group, LLC) (1295); VRF Liquidating, LLC (f/k/a Vestis Retail Financing, LLC) (9362); EMSOC Liquidating, LLC (f/k/a EMS Operating Company, LLC) (2061); VIH Liquidating, LLC (f/k/a Vestis IP Holdings, LLC) (2459); BS Liquidating, LLC (f/k/a Bob's Stores, LLC) (4675); EMSA Liquidating, LLC (f/k/a EMS Acquisition LLC) (0322); SC Liquidating 2, LLC (f/k/a Sport Chalet, LLC) (0071); SCVS Liquidating, LLC (f/k/a Sport Chalet Value Services, LLC) (7320); and SCTS Liquidating, LLC (f/k/a Sport Chalet Team Sales, LLC) (8015).  The Debtors' executive headquarters are located at 160 Corporate Court, Meriden, CT 06450.

dated November 13, 2018 [Dkt. No. 2074] (the "Disclosure Statement Order"); and upon the

affidavits of service and publication filed reflecting compliance with the notice and solicitation

requirements of the Disclosure Statement Order [Dkt. Nos. 2079, 2085 & 1095] (the "Notice

Affidavits"); and upon the *Notice of (I) Approval of Disclosure Statement, (II) Establishment of*

*Voting Record Date, (III) Hearing on Confirmation of Plan and Procedures and Deadline for*

*Objecting to Confirmation of Plan, and (IV) Procedures and Deadline for Voting on Plan* [Dkt.

No. 2075] (the "Confirmation Hearing Notice"); and upon the *Declaration of P. Joseph Morrow*

*IV of Kurtzman Carson Consultants LLC Regarding the Solicitation of Votes and Tabulation of*

*Ballots Cast on the First Amended Joint Plan of Liquidation of VRG Liquidating, LLC and Its*

*Chapter 11 Affiliates and Their Official Committee of Unsecured Creditors* [Dkt. No. 2112] (the

"Voting Declaration"); and upon the *Declaration of Anna O'Reilly in Support of Confirmation of*

*the First Amended Joint Plan of Liquidation of VRG Liquidating, LLC and Its Chapter 11*

*Affiliates and Their Official Committee of Unsecured Creditors* [Dkt. No. 2121] (the "O'Reilly

Declaration"); and upon the *Memorandum of Law in Support of Confirmation of First Amended*

*Joint Plan of Liquidation of VRG Liquidating, LLC and Its Chapter 11 Affiliates and Their*

*Official Committee of Unsecured Creditors* [Dkt. No. 2122] (the "Confirmation Memorandum");

and no objections to the Plan having been filed or asserted; and a hearing having been held on

January 8, 2019 to consider confirmation of the Plan and entry of this Confirmation Order (the

"Confirmation Hearing"); and upon the evidence adduced and proffered and the arguments made

at the Confirmation Hearing; and the Bankruptcy Court having reviewed all documents in

connection with confirmation and having heard all parties desiring to be heard; and upon the

record of these Cases; and after due deliberation and consideration of all of the foregoing; and

sufficient cause appearing therefor; the Bankruptcy Court hereby makes the following:

01:23997489.3

**FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.        **Findings of Fact and Conclusions of Law.**  The findings and conclusions set forth herein, together with the findings of fact and conclusions of law set forth in the record of the Confirmation Hearing, constitute this Bankruptcy Court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, made applicable to these proceedings pursuant to Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.        **Capitalized Terms.**  Capitalized terms used herein, but not defined herein, shall have the respective meanings attributed to such terms in the Plan and the Disclosure Statement, as applicable.

C.        **Jurisdiction and Venue.**  The Bankruptcy Court has jurisdiction over the Debtors' Cases pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of these proceedings and the Cases is proper in this district and in this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

D.        **Chapter 11 Petitions.**  On April 18, 2016 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors continue to manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  To date, no trustee or examiner has been appointed in these Cases.  The U.S. Trustee appointed the Committee on April 26, 2016.

E.        *[INTENTIONALLY OMITTED].*

01:23997489.3

**F.** **Notice of Transmittal, Mailing and Publication of Materials.**  As is evidenced by the Voting Declaration and the Notice Affidavits, the transmittal and service of the Plan, the Disclosure Statement, Ballots, Confirmation Hearing Notice, and the Notice of Non-Voting Status (as defined in the Disclosure Statement Order) were adequate and sufficient under the circumstances, and all parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to the confirmation of the Plan) have been given due, proper, timely, and adequate notice in accordance with the Disclosure Statement Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable non-bankruptcy law, and such parties have had an opportunity to appear and be heard with respect thereto.  No other or further notice is required.  The publication of the Confirmation Hearing Notice as set forth in the Notice Affidavits complied with the Disclosure Statement Order.

**G.** **Voting.**  The procedures by which the Ballots for acceptance or rejection of the Plan were distributed and tabulated were fair, properly conducted, and complied with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, applicable non-bankruptcy law, and the Disclosure Statement Order.

**H.** **Bankruptcy Rule 3016(a).**  In accordance with Bankruptcy Rule 3016(a), the Plan is dated and identifies the Debtors and the Committee as the Plan Proponents.

**I.** **Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)).**  As set forth below, the Plan complies with all of the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

**J.** **Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)).**  The classification of Claims and Equity Interests under the Plan is proper under the Bankruptcy Code.  In addition to Non-Ordinary Course Administrative Claims, Ordinary Course Administrative Claims,

Professional Fee Claims, and Priority Tax Claims, which need not be classified, the Plan

designates five (5) Classes of Claims and Equity Interests.  The Claims or Equity Interests placed

in each Class are substantially similar to other Claims or Equity Interests, as the case may be, in

each such Class.  Valid business, factual, and legal reasons exist for separately classifying the

various Classes of Claims and Equity Interests created under the Plan, and such Classes do not

unfairly discriminate between Holders of Claims and Equity Interests.  Thus, the Plan satisfies

sections 1122 and 1123(a)(1) of the Bankruptcy Code.

**K.      Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2)).**  Article III of the

Plan specifies that Class 1 (Secured Claims) and Class 2 (Priority Claims) are Unimpaired under

the Plan.  Thus, the requirement of section 1123(a)(2) of the Bankruptcy Code is satisfied.

**L.      Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).**

Article III of the Plan designates Class 3 (General Unsecured Claims), Class 4 (Subordinated

Claims), and Class 5 (Equity Interests) as Impaired and specifies the treatment of Claims and

Equity Interests in such Classes.  Thus, the requirement of section 1123(a)(3) of the Bankruptcy

Code is satisfied.

**M.      No Discrimination (11 U.S.C. § 1123(a)(4)).**  The Plan provides for the same

treatment by the Plan Proponents for each Claim or Equity Interest in each respective Class

unless the Holder of a particular Claim or Equity Interest has agreed to a less favorable treatment

of such Claim or Equity Interest.  Thus, the requirement of section 1123(a)(4) of the Bankruptcy

Code is satisfied.

**N.      Implementation of the Plan (11 U.S.C. § 1123(a)(5)).**  The Plan and the

Liquidating Trust Agreement provide adequate and proper means for the Plan's implementation.

Thus, the requirements of section 1123(a)(5) of the Bankruptcy Code are satisfied.

**O.** **Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)).** The Plan does not provide for the issuance of any securities, including non-voting securities, and the Debtors are being dissolved on the Effective Date under the terms of the Plan. Therefore, the requirement of section 1123(a)(6) of the Bankruptcy Code is satisfied.

**P.** **Selection of Officers and Directors (11 U.S.C. § 1123(a)(7)).** Section 5.4 of the Plan provides for the Liquidating Trust to be governed and administered by the Liquidating Trustee. The Liquidating Trustee was selected by the Committee, and its successor, if any, shall be selected pursuant to the procedures set forth in the Liquidating Trust Agreement. Therefore, section 1123(a)(7) of the Bankruptcy Code is satisfied.

**Q.** **Additional Plan Provisions (11 U.S.C. § 1123(b)).** The Plan's provisions are appropriate, in the best interests of the Debtors and their Estates and consistent with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

**R.** **Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2)).** The Plan Proponents have exercised reasonable business judgment in determining to reject each of the Debtors' remaining executory contracts and unexpired leases under the terms of the Plan and this Confirmation Order, and such rejections are justified and appropriate in these Cases.

**S.** **Compromises and Settlements Under and in Connection with the Plan (11 U.S.C. § 1123(b)(3)).** All of the settlements and compromises pursuant to and in connection with the Plan comply with the requirements of section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019. In particular, the substantive consolidation of the Debtors as provided in Section 5.2 of the Plan is justified and appropriate in these Cases for the reasons set forth in the Disclosure Statement and Confirmation Memorandum.

01:23997489.3

6

**T.    Releases, Exculpations, Limitation of Liability, and Injunctions (11 U.S.C.**

**§ 1123(b)).**  The releases, exculpations, limitations of liability, and injunctions provided in the

Plan (i) are within the jurisdiction of the Bankruptcy Court under 28 U.S.C. § 1334; (ii) are an

appropriate exercise of the Debtors' business judgment; (iii) are integral elements of the

transactions incorporated into the Plan, and inextricably bound with the other provisions of the

Plan; (iv) are in exchange for good and valuable consideration provided by the Released Parties;

(v) are in the best interests of, the Debtors, their Estates, and their creditors; (vi) are fair,

equitable, and reasonable; (vii) are given and made after due notice and an opportunity to object

and be heard with respect thereto, as the Disclosure Statement, the Confirmation Hearing Notice,

the Ballots, and the Notice of Non-Voting Status each unambiguously states that the Plan

contains certain release, exculpation, limitation of liability, and injunction provisions, and with

respect to the releases by Holders of Claims in Class 3, such releases are also consensual; and

(viii) are consistent with sections 105, 524, 1123, 1129, 1141, and other applicable provisions of

the Bankruptcy Code and other applicable law.

**U.    Plan Proponents' Compliance with Bankruptcy Code (11 U.S.C.**

**§ 1129(a)(2)).**  Pursuant to section 1129(a)(2) of the Bankruptcy Code, the Plan Proponents have

complied with the applicable provisions of the Bankruptcy Code, including sections 1122, 1123,

1124, 1125, and 1126 of the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure

Statement Order governing notice, disclosure, and solicitation in connection with the Plan.

**V.    Plan Proposed in Good Faith and Not by Means Forbidden by Law**

**(11 U.S.C. § 1129(a)(3)).**  The Plan Proponents have proposed the Plan in good faith and not by

any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.

In determining that the Plan has been proposed in good faith, the Bankruptcy Court has

examined the totality of the circumstances surrounding the filing of the Cases, the Plan itself, and the process leading to its formulation. The Plan is the result of extensive arm's-length negotiations among the Debtors and key stakeholders, including the Committee, and is overwhelmingly supported by the creditors and other parties in interest in the Cases. It is clear that the Plan promotes the objectives and purposes of the Bankruptcy Code.

W.      **Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).** The procedures set forth in the Plan for the Bankruptcy Court's approval of the fees, costs, and expenses to be paid in connection with the Cases, or in connection with the Plan and incident to the Cases, satisfy the objectives of and are in compliance with section 1129(a)(4) of the Bankruptcy Code.

X.      **Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)).** Section 5.3 of the Plan provides that, on the Effective Date, the Debtors' directors and officers shall be terminated automatically. The Liquidating Trustee and initial members of the Liquidating Trust Advisory Committee were selected by the Committee and their identities are disclosed in the Plan. Thus, the Plan satisfies section 1129(a)(5) of the Bankruptcy Code.

Y.      **No Rate Changes (11 U.S.C. § 1129(a)(6)).** The Plan does not provide for any rate change that requires regulatory approval. Section 1129(a)(6) of the Bankruptcy Code is thus not applicable.

Z.      **Best Interests of Creditors (11 U.S.C. § 1129(a)(7)).** The "best interests" test is satisfied as to all Holders of Claims and Equity Interests in Impaired Classes under the Plan, as each such Holder will receive or retain property of a value, as of the Effective Date of the Plan, that is not less than the amount that such Holder would so receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code.

01:23997489.3

**AA.     Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).** Classes 1 and 2 are Unimpaired under the Plan and Class 3 (General Unsecured Claims) has voted to accept the Plan in accordance with the Bankruptcy Code, thereby satisfying section 1129(a)(8) as to those Classes. Class 4 (Subordinated Claims) and Class 5 (Equity Interests) are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. Accordingly, section 1129(a)(8) of the Bankruptcy Code has not and cannot be satisfied. As set forth below, the Plan is still confirmable as it satisfies the nonconsensual confirmation provisions of section 1129(b).

**BB.     Treatment of Administrative, Priority, and Priority Tax Claims, and Professional Fee Claims (11 U.S.C. § 1129(a)(9)).** The treatment of Administrative Claims, Priority Claims, Priority Tax Claims, and Professional Fee Claims pursuant to Article III of the Plan satisfies the requirements of sections 1129(a)(9) of the Bankruptcy Code.

**CC.     Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10)).** Class 3 (General Unsecured Claims) is an Impaired Class of Claims that voted to accept the Plan, determined without including any acceptance of the Plan by any insider. Therefore, the requirement of section 1129(a)(10) of the Bankruptcy Code is satisfied.

**DD.     Feasibility (11 U.S.C. § 1129(a)(11)).** The Plan provides for the dissolution of the Debtors on the Effective Date and the liquidation of the Debtors' property. Thus, section 1129(a)(11) of the Bankruptcy Code is satisfied.

**EE.     Payment of Fees (11 U.S.C. § 1129(a)(12)).** All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date pursuant to Section 11.3 of the Plan, thus satisfying the requirement of section 1129(a)(12) of the Bankruptcy Code.

**FF.     Miscellaneous Provisions (11 U.S.C. §§ 1129(a)(13)-(16)).** Sections 1129(a)(13)–(16) of the Bankruptcy Code are inapplicable as the Debtors (i) do not provide

01:23997489.3

"retiree benefits" as defined in section 1114 of the Bankruptcy Code (§ 1129(a)(13)), (ii) have no domestic support obligations (§ 1129(a)(14)), (iii) are not individuals (§ 1129(a)(15)), and (iv) are not nonprofit corporations (§ 1129(a)(16)).

   **GG.    No Unfair Discrimination; Fair and Equitable Treatment (11 U.S.C. § 1129(b)).**  The classification and treatment of Claims and Equity Interests in Classes 4 and 5, which are deemed to have rejected the Plan, is proper pursuant to section 1122 of the Bankruptcy Code, does not discriminate unfairly, and is fair and equitable pursuant to section 1129(b)(1) of the Bankruptcy Code.  There is no Class of Claims or Equity Interests junior to the Holders of Claims or Equity Interests in Class 4 or Class 5 that will receive or retain property under the Plan on account of their Claims or Equity Interests.  Accordingly, the Plan does not violate the absolute priority rule, does not discriminate unfairly, and is fair and equitable with respect to each Class that is deemed to have rejected the Plan.  Thus, the Plan satisfies the requirements of section 1129(b) of the Bankruptcy Code with respect to Class 4 and Class 5.

   **HH.    Only One Plan (11 U.S.C. § 1129(c)).**  The Plan is the only chapter 11 plan currently proposed in the Cases, and the requirements of section 1129(c) of the Bankruptcy Code are therefore satisfied.

   **II.    Principal Purpose (11 U.S.C. § 1129(d)).**  The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of the application of section 5 of the Securities Act of 1933, and no party has objected to the Confirmation of the Plan on any such grounds. Accordingly, section 1129(d) of the Bankruptcy Code is inapplicable.

   **JJ.    Satisfaction of Confirmation Requirements.**  Based upon the foregoing, the Plan satisfies the requirements for Confirmation set forth in section 1129 of the Bankruptcy Code and should be confirmed.

01:23997489.3

**KK.    Good Faith Solicitation (11 U.S.C. § 1125(e)).**  The Plan Proponents and their officers, directors, employees, advisors, Professionals, and agents have acted in good faith within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Disclosure Statement Order in connection with all of their respective activities relating to the solicitation of acceptances of the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and they are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the injunction, exculpation, and limitation of liability provisions set forth in Article XI of the Plan and this Confirmation Order.

**LL.    Retention of Jurisdiction.**  The Bankruptcy Court retains jurisdiction over the matters set forth in Article X of the Plan and section 1142 of the Bankruptcy Code.

**MM.   Plan Modifications.**  Since the entry of the Disclosure Statement Order, the Plan Proponents have made certain modifications to the Plan, which modifications are incorporated in the Plan as attached hereto as **Exhibit A**, including to resolve comments from the U.S. Trustee, as follows:

- The definition of "Exculpated Parties" in Section 1.37 of the Plan has been modified to clarify that present and former officers, directors, members, and managers of the Debtors are Exculpated Parties only to the extent they served in such capacity at any point from and after the Petition Date.

- Sections 3.1.1, 3.1.4, 3.2.1, 3.2.2, and 3.3.1 of the Plan have been modified to strike the words "settlement, and release of and in exchange for."

- Section 7.6 of the Plan has been modified to strike the second sentence thereof.

- Section 11.12 of the Plan has been modified to strike former subsection (b) thereof.

- Section 11.19 of the Plan has been modified to strike the first sentence thereof, such that there shall be no automatic or deemed closure of any of the Debtors' Cases.

All the foregoing modifications are incorporated by reference herein and approved.  The disclosure of these modifications to the Plan on the record at the Confirmation Hearing constitutes due and sufficient notice of such modifications, complies in all respects with Section 11.6 of the Plan and Bankruptcy Code section 1127, and the Bankruptcy Court hereby finds that such modifications, as well as those modifications set forth in Paragraph 41 of this Confirmation Order, are non-material, not adverse to any party in interest under the Plan, and, pursuant to Bankruptcy Rule 3019, these modifications do not require additional disclosure under Bankruptcy Code section 1126.  Except to the extent modified by Paragraph 41 of this Confirmation Order, the Plan as modified in the form attached hereto as **Exhibit A** shall constitute the Plan submitted for Confirmation and confirmed by this Bankruptcy Court pursuant to this Confirmation Order.

Based upon the foregoing findings, and upon the record made before the Bankruptcy Court at the Confirmation Hearing, and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

**Confirmation of the Plan**

1.      The Plan, as and to the extent modified by this Confirmation Order, is approved and confirmed pursuant to section 1129 of the Bankruptcy Code.  Any objections to the Plan not otherwise withdrawn, resolved, or otherwise disposed of, are overruled and denied.

2.      *[intentionally omitted]*.

**Compromises and Settlements Under the Plan**

3.      Pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, upon the Effective Date, all settlements and compromises set forth in the Plan are approved in all respects, and constitute good faith compromises and settlements.

01:23997489.3

12

**<u>Classification and Treatment</u>**

4.      The Plan's classification scheme is approved.

5.      The classifications set forth on the Ballots: (a) were set forth solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for Distribution purposes; (c) may not be relied upon by any Holder of a Claim as representing the actual classification of such Claim under the Plan for Distribution purposes; and (d) shall not be binding on the Plan Proponents and Liquidating Trustee except for Plan voting purposes.

**<u>Authorization to Implement the Plan</u>**

6.      The Debtors and the Liquidating Trustee, as applicable, are authorized to take or cause to be taken all corporate actions necessary or appropriate to implement all provisions of, and to consummate, the Plan and to execute, enter into or otherwise make effective all documents arising in connection therewith, including the Liquidating Trust Agreement.

7.      On the Effective Date, notwithstanding the terms of Section 5.3.1 of the Plan, the officers of the Debtors are authorized to do all things and to execute and deliver all agreements, documents, instruments, notices, and certificates as are contemplated by the Plan and to take all necessary actions required in connection therewith, in the name of and on behalf of the Debtors.

8.      The approvals and authorizations specifically set forth in this Confirmation Order are not intended to limit the authority of the Liquidating Trustee, the Debtors, or any officer thereof to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order.

01:23997489.3

**Enforceability of Plan**

9.      Pursuant to sections 1123(a), 1141(a) and 1142 of the Bankruptcy Code, upon the Effective Date, the Plan and all Plan-related documents (including, but not limited to, the Liquidating Trust Agreement) shall be valid, binding, and enforceable.

**Vesting of Assets in the Liquidating Trust**

10.      On the Effective Date, the Debtors and their chapter 11 Estates shall irrevocably transfer and shall be deemed to have irrevocably transferred to the Liquidating Trust all of their rights, title, and interest in and to all of the Liquidating Trust Assets.  In accordance with section 1141 of the Bankruptcy Code, except as specifically provided in the Plan or the Confirmation Order, the Liquidating Trust Assets shall automatically vest in the Liquidating Trust free and clear of all Claims, Liens, encumbrances, or interests subject only to (i) the Liquidating Trust Interests and the Liquidating Trust Expenses, as provided for in the Plan and the Liquidating Trust Agreement, and (ii) Claims required to be paid by the Liquidating Trust pursuant to the Plan with priority over General Unsecured Claims, including, without limitation, Administrative Claims and Professional Fee Claims; and such transfer shall be exempt from any stamp, real estate transfer, other transfer, mortgage reporting, sales, use, or other similar tax.

**Termination of Directors and Officers**

11.      On the Effective Date, each of the Debtors' directors, officers, members, and managers shall be terminated automatically without the need for any corporate action or approval and without the need for any corporate filings, and shall have no continuing obligations to the Debtors following the occurrence of the Effective Date.

**Dissolution of the Debtors**

12.      The Debtors shall be dissolved automatically effective on the Effective Date, without the need for any corporate action or approval and without the need for any corporate

01:23997489.3

14

filings and neither the Debtors nor the Liquidating Trustee shall be required to pay any taxes or

fees in order to cause such dissolution.  On the Effective Date, or as soon thereafter as is

reasonably practicable, the Liquidating Trustee shall wind-up the affairs of the Debtors, if any,

and file final tax returns for the Debtors, to the extent not already filed.  The Liquidating Trust

shall bear the cost and expense of the wind-up of the affairs of the Debtors, if any, and the cost

and expense of the preparation and filing of the final tax returns for the Debtors, to the extent not

already filed.

### Cancellation of Equity Interests

13.     Upon the occurrence of the Effective Date, all Equity Interests of any kind shall be

deemed void, cancelled, and of no further force and effect and the Holders thereof shall not receive

or retain any property or interest in property under the Plan on account of such Equity Interests.

### Substantive Consolidation

14.     Pursuant to sections 105(a), 541, 1123 and 1129 of the Bankruptcy Code, the

substantive consolidation of the Debtors provided for in the Plan and this Confirmation Order is

hereby approved, effective as of the Effective Date.  As a result of such substantive

consolidation, on and after the Effective Date (i) all assets and liabilities of the Debtors shall be

treated as though they were pooled, (ii) each Claim filed or to be filed against any Debtor, as to

which two or more Debtors are co-liable as a legal or contractual matter, shall be deemed filed as

a single Claim against, and a single obligation of, the Debtors, (iii) all Claims held by a Debtor

against any other Debtor shall be cancelled or extinguished, (iv) no Distributions shall be made

under the Plan on account of any Claim held by a Debtor against any other Debtor, (v) the Equity

Interests shall be cancelled, (vi) no Distributions shall be made under the Plan on account of any

Equity Interest held by a Debtor in any other Debtor, (vii) all guarantees of any Debtors of the

obligations of any other Debtor shall be eliminated so that any Claim against any Debtor and any

Claim based upon a guarantee thereof executed by any other Debtor shall be treated as one Claim against the substantively-consolidated Debtors, and (viii) any joint or several liability of any of the Debtors shall be one obligation of the substantively-consolidated Debtors and any Claims based upon such joint or several liability shall be treated as one Claim against the substantively-consolidated Debtors.

15.    The substantive consolidation of the Debtors under the Plan and this Confirmation Order shall not (other than for purposes related to funding Distributions under the Plan) affect (i) the legal and organizational structure of the Debtors, (ii) executory contracts or unexpired leases that were entered into during the Cases or that have been or will be assumed or rejected, (iii) any agreements entered into by the Liquidating Trust on or after the Effective Date, (iv) the Debtors' or the Liquidating Trust's ability to subordinate or otherwise challenge Claims on an entity-by-entity basis, (v) any Retained Causes of Action or Avoidance Actions or defenses thereto, which in each case shall survive entry of this Confirmation Order as if there had been no substantive consolidation of the Estates of the Debtors, and (vi) distributions to the Debtors or the Liquidating Trust from any insurance policies or the proceeds thereof.  Notwithstanding the substantive consolidation of the Debtors, each and every Debtor shall remain responsible for the payment of U.S. Trustee fees pursuant to 28 U.S.C. § 1930 until its particular case is closed, dismissed, or converted.

## Plan Distributions

16.    The Liquidating Trustee shall make all Distributions under the Plan and such Distributions shall be in accordance with the Plan and the Liquidating Trust Agreement, as applicable.  The Liquidating Trust shall hold and distribute the Liquidating Trust Assets in accordance with the provisions of the Plan and the Liquidating Trust Agreement.

01:23997489.3

17.     The Liquidating Trustee, or such other person or entity designated by the Liquidating Trustee, shall serve as the disbursing agent under the Plan with respect to Distributions to Holders of Allowed Claims required to be paid by the Liquidating Trust pursuant to the Plan. The Liquidating Trustee or its designee shall make all Distributions required to be made to such Holders of Allowed Claims pursuant to the Plan and the Liquidating Trust Agreement.  The Liquidating Trustee or its designee shall not be required to give any bond or surety or other security for the performance of the Liquidating Trustee's or its designee's duties as disbursing agent unless otherwise ordered by the Bankruptcy Court.

18.     Except to the extent provided in section 506(b) of the Bankruptcy Code, the Plan, or this Confirmation Order, post-petition interest shall not accrue or be paid on Claims, and no Holder of an Allowed Claim shall be entitled to interest accruing on any Claim from and after the Petition Date.

**Administration of the Liquidating Trust**

19.     The Liquidating Trust Agreement, substantially in the form filed with the Plan, is hereby approved.

20.     The appointment of META Advisors, LLC as the Liquidating Trustee is hereby approved.  The Liquidating Trustee shall be compensated in the manner set forth in and consistent with the Liquidating Trust Agreement. The Liquidating Trustee shall have all powers, rights, duties, and protections afforded the Liquidating Trustee under the Plan, this Confirmation Order, and the Liquidating Trust Agreement.

## Executory Contracts and Unexpired Leases

21.     On the Effective Date, all executory contracts and unexpired leases of the Debtors that have not been assumed, assumed and assigned, or rejected prior to the Confirmation Date shall be deemed rejected, pursuant to this Confirmation Order, as of the Confirmation Date.

22.     **Any creditor asserting a Rejection Claim shall file a proof of claim within thirty (30) days of the Effective Date.  Any Rejection Claims that are not timely filed shall be forever disallowed and barred.  If one or more Rejection Claims are timely filed, the Liquidating Trustee may file an objection to any Rejection Claim on or prior to the Claim Objection Deadline.**

## Disputed Claims

23.     From and after the Effective Date, the Liquidating Trustee (acting in accordance with the terms of the Liquidating Trust Agreement) shall have the authority to compromise, resolve, and allow any Disputed Claim without the need to obtain approval from the Bankruptcy Court, and any agreement entered into by the Liquidating Trustee (acting in accordance with the terms of the Liquidating Trust Agreement) with respect to the allowance of any Claim shall be conclusive evidence and a final determination of the allowance of such Claim.

24.     **All objections to Claims (other than Professional Fee Claims) shall be filed by the Liquidating Trustee on or before the Claim Objection Deadline (*i.e.*, one hundred and twenty (120) days after the Effective Date), which date may be extended by the Bankruptcy Court upon a motion filed by the Liquidating Trustee on or before the Claim Objection Deadline with notice only to those parties entitled to notice in these Cases pursuant to Bankruptcy Rule 2002 as of the filing of such motion.  The Claim Objection Deadline shall be automatically extended as provided by Local Rule 9006-2 upon the filing of a proposed form of order by the Liquidating Trustee requesting an extension of the Claim Objection**

01:23997489.3

**Deadline.  If a timely objection has not been filed to a proof of claim or the Schedules have not been amended with respect to a Claim that was scheduled by the Debtors but was not Scheduled by the Debtors as contingent, unliquidated, and/or disputed, then the Claim to which the proof of claim or the Claim set forth in the Schedules relates will be treated as an Allowed Claim.**

25.    The Liquidating Trustee may, at any time, request that the Bankruptcy Court estimate any contingent or unliquidated Claim pursuant to section 502(c) of the Bankruptcy Code, regardless of whether the Debtors have previously objected to such Claim or whether the Bankruptcy Court has ruled on any such objection, and the Bankruptcy Court shall retain jurisdiction to estimate any Claim at any time during litigation concerning any objection to any Claim, including during the pendency of any appeal relating to any such objection.  In the event the Bankruptcy Court so estimates any contingent or unliquidated Claim, that estimated amount shall constitute the Allowed amount of such Claim.

### Non-Ordinary Course Administrative Claims

26.    **All requests for payment of a Non-Ordinary Course Administrative Claim arising after March 15, 2017 must be filed with the Bankruptcy Court and served on counsel to the Liquidating Trustee, counsel to the Debtors, and counsel to the U.S. Trustee no later than the Second Administrative Claim Bar Date (*i.e.*, forty-five (45) days after the Effective Date, or the first Business Day thereafter).  In the event of an objection to allowance of a Non-Ordinary Course Administrative Claim, the Bankruptcy Court shall determine the Allowed amount of such Non-Ordinary Course Administrative Claim.**

### Professional Fee Claims

27.    **All final requests for payment of Professional Fee Claims pursuant to sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code must be made by**

01:23997489.3

19

**application filed with the Bankruptcy Court and served on counsel to the Liquidating**

**Trustee, counsel to the Debtors, and counsel to the U.S. Trustee no later than thirty (30)**

**days after the Effective Date, unless otherwise ordered by the Bankruptcy Court.**

28.     **All objections to the allowance of such Professional Fee Claims must be filed**

**and served on counsel to the Liquidating Trustee, counsel to the Debtors, counsel to the**

**Committee, counsel to the U.S. Trustee, and the requesting Professional on or before the**

**date that is fourteen (14) days after the date on which the applicable application was served**

**(or such longer period as may be allowed by Order of the Bankruptcy Court or by**

**agreement with the requesting Professional).**

29.     All Professional Fee Claims shall be paid by the Liquidating Trust to the extent

approved by Order of the Bankruptcy Court within five (5) Business Days from entry of such

Order.  On the Effective Date, the Liquidating Trustee shall establish the Professional Fee

Reserve, which shall only be used to pay Professional Fee Claims unless and until all

Professional Fee Claims have been paid in full, otherwise satisfied, or withdrawn.  The

Professional Fee Reserve shall vest in the Liquidating Trust and shall be maintained by the

Liquidating Trustee in accordance with the Plan, this Confirmation Order, and the Liquidating

Trust Agreement.

**<u>Releases, Injunction, Exculpation, and Limitation of Liability</u>**

30.     The following release, injunction, exculpation, and limitation of liability

provisions set forth in Article XI of the Plan are hereby approved and authorized in their entirety:

**11.11   <u>Non-Discharge of the Debtors; Injunction</u>.  In accordance with section 1141(d)(3) of the Bankruptcy Code, this Plan does not discharge the Debtors. Section 1141(c) of the Bankruptcy Code nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and Equity Interests against the Debtors.  As such, no Entity holding a Claim against the Debtors may receive any payment from, or seek recourse against, any assets that are to be distributed under this Plan other than assets required to be distributed to that**

Entity under the Plan. As of the Effective Date, all parties are precluded from asserting against any property to be distributed under this Plan any Claims, rights, causes of action, liabilities, or Equity Interests based upon any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in this Plan or the Confirmation Order.

**11.12    Releases and Related Matters.**

(a) On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each of the Releasing Parties shall be deemed to have forever released, waived, and discharged each of the Released Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action (including, without limitation, Avoidance Actions), and liabilities whatsoever, whether known or unknown, whether foreseen or unforeseen, whether liquidated or unliquidated, whether fixed or contingent, whether matured or unmatured, existing or hereafter arising, at law, in equity, or otherwise, that are based in whole or in part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Cases, the Plan, the Sale Agreement, or the Sale Order, except for acts or omissions that are determined in a Final Order to have constituted fraud, gross negligence or willful misconduct; <u>provided</u>, <u>however</u>, that nothing in this Section 11.12 shall affect any Person's rights, claims or causes of action against the Debtors, the Liquidating Trust or Buyer under the Plan, the Confirmation Order, the Sale Agreement (subject to the Buyer Settlement Agreement), the Sale Order, or the Buyer Settlement Agreement, or the liabilities or obligations of such parties thereunder; <u>provided</u>, <u>further</u>, that nothing in this Plan shall impact or release any guarantees held by Releasing Parties against non-Debtors pertaining to Claims against the Debtors.

**11.13    Exculpation and Limitation of Liability.** On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, to the maximum extent permitted by law, none of the Exculpated Parties shall have or incur any liability to any Entity, including, without limitation, to any Holder of a Claim or an Equity Interest, for any post-petition act or omission in connection with, relating to, or arising out of the Chapter 11 Cases, the formulation, negotiation, preparation, dissemination, solicitation of acceptances, implementation, confirmation, or consummation of the Plan, the Disclosure Statement, or any contract, instrument, release, or other agreement or document created, executed, or contemplated in connection with the Plan, or the administration of the Plan or the property to be distributed under the Plan; <u>provided</u>, <u>however</u>, that nothing in this Section 11.13 shall affect any Person's rights, claims or causes of action against the Debtors under the Plan, the Confirmation Order, the Sale Agreement (subject to the Buyer Settlement Agreement), the Sale Order, or the Buyer Settlement Agreement, or the Debtors' liabilities or obligations thereunder; and <u>provided</u>, <u>further</u>, that the exculpation provisions of this Section 11.13 (i) shall not apply to acts or omissions constituting fraud, willful misconduct, or gross negligence by such Exculpated Party as determined by a Final Order and (ii) shall not in any way limit, reduce, or

**otherwise bar an otherwise valid and enforceable right of setoff, subrogation, or recoupment against the Debtors to the extent that such right is based upon either (a) a Claim that is asserted in a timely-filed proof of claim on or before the Confirmation Date, or (b) an Administrative Claim that is timely filed under the Plan.  The Exculpated Parties shall be entitled to rely upon the written advice of counsel with respect to their duties and responsibilities under, or in connection with, the Chapter 11 Cases, the Plan, and administration thereof.  The Confirmation Order shall serve as a permanent injunction against any Person seeking to enforce any claim or cause of action against the Exculpated Parties that has been exculpated pursuant to this Section 11.13 of the Plan.**

## Payment of Statutory Fees; Filing of Quarterly Reports

31.     All fees payable pursuant to 28 U.S.C. § 1930 shall be paid on or before the Effective Date.  All such fees that arise after the Effective Date shall be paid by the Liquidating Trust.  The Liquidating Trust shall have the obligation to pay quarterly fees to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930 for each and every Debtor until its particular chapter 11 case is closed.  Notwithstanding anything to the contrary in the Plan, the U.S. Trustee shall not be required to file any proofs of claim with respect to quarterly fees payable pursuant to 28 U.S.C. § 1930.

## Special Provisions Concerning the Sale Agreement

32.     On and after the Effective Date, the Liquidating Trustee shall be the assignee of the Debtors under the Buyer Settlement Agreement, the Sale Agreement (subject to the Buyer Settlement Agreement), and the Sale Order with all of the Debtors' rights thereunder.  Nothing in the Plan shall expand the Assumed Liabilities (as defined under the Sale Agreement) or modify or amend the Buyer Settlement Agreement, the Sale Agreement, or the Sale Order, and the terms of the Plan shall be interpreted consistent with the Buyer Settlement Agreement, the Sale Agreement (subject to the Buyer Settlement Agreement), and the Sale Order.

01:23997489.3

## Termination of the Debtors' Professionals

33.     Effective immediately upon the filing of the Effective Date Notice, the Debtors' retention of Klee, Tuchin, Bogdanoff & Stern LLP ("KTB&S") and Young Conaway Stargatt & Taylor, LLP ("YCST") as bankruptcy counsel shall be terminated without the need for further action on the party of this Bankruptcy Court, the Debtors, KTB&S, YCST, or any other party; *provided, however*, that KTB&S and YCST shall continue to be retained with respect to applications Filed or to be Filed pursuant to sections 330 and 331 of the Bankruptcy Code.

## Dissolution of the Committee

34.     On the Effective Date, the Committee shall dissolve and all members, ex officio members, employees, attorneys, financial advisors, other Professionals, or other agents thereof shall be released and discharged from all rights and duties arising from or related to the Cases, *provided*, *however*, that the Committee shall continue in existence and its Professionals shall continue to be retained with respect to applications filed or to be filed pursuant to sections 330 and 331 of the Bankruptcy Code.

## Notice of Entry of Confirmation Order and Effective Date

35.     Pursuant to Bankruptcy Rules 2002 and 3020(c), the Debtors are hereby authorized to serve a notice of entry of this Confirmation Order and the occurrence of the Effective Date, substantially in the form attached hereto as **Exhibit B** (the "Effective Date Notice"), no later than five (5) Business Days after the Effective Date, on all Holders of Claims against or Equity Interests in the Debtors and all other Persons on whom the Confirmation Hearing Notice and Notice of Non-Voting Status was served.  The form of the Effective Date Notice is hereby approved in all respects.  The Effective Date Notice shall constitute good and sufficient notice of the entry of this Confirmation Order and of the relief granted herein, including, without limitation, any bar dates and deadlines established under the Plan and this

01:23997489.3

Confirmation Order, and no other or further notice of entry of this Confirmation Order, the

occurrence of the Effective Date, or any such bar dates and deadlines need be given.

### Retention of Jurisdiction

36.     Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and

notwithstanding the entry of this Confirmation Order and the occurrence of the Effective Date,

and except as otherwise ordered by the Bankruptcy Court, the Bankruptcy Court shall retain

exclusive jurisdiction over all matters arising out of, or related to, these Cases and the Plan to the

fullest extent permitted by law, including, among other things, jurisdiction to take the actions

specified in Article X of the Plan.

### References to Plan Provisions

37.     The failure specifically to include or to refer to any particular provision of the

Plan or any related document in the Confirmation Order shall not diminish or impair the

effectiveness of such provision or document, it being the intent of the Bankruptcy Court that the

Plan be confirmed in its entirety and Plan-related documents be approved.

### Rules Governing Conflicts Between Documents

38.     This Confirmation Order shall control and take precedence in the event of any

inconsistency between this Confirmation Order and any provision of the Plan or any of the other

documents referred to in this paragraph.  In the event and to the extent that any provision of the

Plan is inconsistent with the provisions of the Disclosure Statement, any Order previously

entered in the Cases (other than, for the avoidance of doubt, the Confirmation Order), or any

other agreement to be executed by any Person pursuant to the Plan, the provisions of the Plan

shall control and take precedence.

01:23997489.3

## Extension of Injunctions and Stays

39.    All injunctions or stays provided for in the Cases under sections 105 or 362 of the

Bankruptcy Code or otherwise, to the extent extant on the Confirmation Date (excluding any

injunctions or stays contained in or arising from the Plan or the Confirmation Order), shall

remain in full force and effect through and including the Effective Date.  All injunctions or stays

contained in or arising from the Plan or this Confirmation Order shall remain in full force and

effect in accordance with their terms.

## No Stay of Confirmation Order

40.    Notwithstanding Bankruptcy Rules 3020(e), 6004(h), and 7062, to the extent

applicable, there is no reason for delay in the implementation of this Confirmation Order and,

thus, this Confirmation Order shall be effective and enforceable immediately upon entry.

41.    Notwithstanding anything to the contrary in the Disclosure Statement, the

Disclosure Statement Order, the Ballots, the Plan, this Confirmation Order or any other

document approved by the Bankruptcy Court in connection with confirmation of the Plan:  (i)

Section 3.5(a) of the Plan is stricken from the Plan and of no force and effect; and (ii) those

Holders of Claims in Class 3 reflected on Exhibit C to the Voting Declaration as voting to accept

the Plan and submitting a Release Opt-Out shall not participate in the releases set forth in Section

11.12 of the Plan

01:23997489.3    **Dated: January 9th, 2019**    **LAURIE SELBER SILVERSTEIN**
**Wilmington, Delaware**    **UNITED STATES BANKRUPTCY JUDGE**